IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SARAH M. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-245-SLR |
| | ) | |
| JOHN E. POTTER, Postmaster | ) | |
| General, UNITED STATES POSTAL | ) | |
| SERVICE, MARY MURPHY, ELAINE | ) | |
| ROTAN, LAWRENCE MONTGOMERGY, | ) | |
| JOHN WILLIAMS, IKE MORRIS, | ) | |
| FLORENCE SPADY, HARLAN FAUST, | ) | |
| and RICHARD OVERTON, | ) | |
| | ) | |
| Defendants. | ) | |

---

Sarah M. Williams, 322 E. 10th Street, Wilmington, Delaware, Pro Se.

Colm F. Connolly, Esquire and Rudolph Contreras, Esquire of the United States Attorneys' Office, Wilmington, Delaware. Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: August 24, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On April 19, 2004, plaintiff Sarah M. Williams filed a complaint against defendants John E. Potter, the United States Postal Service, Mary Murphy, Elaine Rotan, Lawrence Montgomery, John Williams, Ike Morris, Florence Spady, Harlan Faust, and Richard Overton (collectively "defendants").[1]  (D.I. 2) Plaintiff's complaint identified the Privacy Act of 1974 (the "Privacy Act"), Title VII, the Federal Employee Compensation Act ("FECA"), and the Labor Management Relations Act ("LMRA") as bases for the complaint.  (Id. at ¶¶ 1-3)  On February 28, 2005, defendants filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 8, 12(b)(1) and 12(b)(6) or, in the alternative, for a more definite statement.[2]  (D.I. 20)  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  For the reasons set forth below, the court grants

---

[1] Plaintiff's complaint failed to indicate whether the individuals named as defendants (the "individual defendants") were sued in their individual or official capacities.  (D.I. 2) However, plaintiff's complaint involves actions taken by the individual defendants while on official duty.  Furthermore, service was attempted at the individual defendants' workplace and not their homes.  (D.I. 5-12)  The court concludes that plaintiff has sued the individual defendants in their official capacities.

[2] On March 10, 2005, plaintiff filed a motion for a thirty day extension of time to file a response to defendants' motion to dismiss.  (D.I. 21)  On March 18, 2005, the court granted plaintiff's motion.  Pursuant to the court's briefing schedule, plaintiff's answering brief was due on April 18, 2005.  To date plaintiff has not filed any response to defendants' motion to dismiss.

defendants' motion to dismiss.

**II.   BACKGROUND**

Plaintiff has worked as an employee of defendant United States Postal Service ("USPS") since 1970. (D.I. 2 at ¶ 7) On July 5, 1996, plaintiff suffered a work-related injury. (Id. at ¶ 8) Plaintiff claims she was unlawfully removed from her workplace on August 22, 2001. (Id. at ¶ 79) The allegations contained in plaintiff's "FACTS COMMON TO ALL COUNTS" can be organized into five categories.

First, plaintiff claims that, because she engaged in "protected activity" and "whistle blowing activity", she was: (1) subjected to harassment and a hostile work environment; (2) blacklisted; (3) denied benefits; (4) denied due process; and (5) placed on "Tour I". (Id. at ¶¶ 10-15, 19) Plaintiff claims that she filed grievances regarding her treatment. (Id. at ¶¶ 16-18)

Plaintiff also alleges that defendants maintained inaccurate records regarding plaintiff. (Id. at ¶¶ 30-37, 53-55, 60) According to plaintiff, defendants failed to include relevant emails in plaintiff's records and failed to provide her with a complete copy of her compensation file. (Id. at ¶¶ 20-21, 63-64A)³ Plaintiff contends she requested correction of her records, but defendants failed to correct these records. (Id. at

---

³In plaintiff's complaint, multiple paragraphs are assigned numbers 64, 76, 77, 78 and 79, and shall be referenced herein as paragraphs 64A-B, 76A-B, 77A-B, 78A-B and 79A-B.

2

¶ 80) Plaintiff claims defendants provided the false information in her records to the Department of Labor and other government agencies, thereby causing her to lose benefits. (Id. at ¶¶ 30-32, 37, 56)

Third, plaintiff alleges that several unauthorized individuals - including individual defendants Mary Murphy, Elaine Rotan, Lawrence Montgomery, and Ike Morris - accessed plaintiff's medical information and workers compensation files without her permission. (Id. at ¶¶ 22-27, 40-42, 49-52, 57-59, 61-62, 64B-73, 75, 76A-79A, 76B) Plaintiff claims that defendants denied proper medical officers access to her medical records and allowed these unauthorized and unqualified employees to make "medical decisions" about her. (Id. at ¶¶ 38-39, 43-46, 48)

Fourth, plaintiff alleges that defendants failed to provide her or other employees of defendant USPS with a copy of the Privacy Act or defendants' routine uses under the Act. (Id. at ¶¶ 9, 74)

Finally, plaintiff claims that defendant Lawrence Montgomery violated the Privacy Act by requiring plaintiff to carry restricted information. (Id. at ¶¶ 28-29, 47)

## III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the

plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle her to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't., 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

IV. **DISCUSSION**

Federal Rule of Civil Procedure 8 ("FRCP 8") sets out the minimum pleading requirements for complaints. A pleading which sets forth a claim for relief must contain "a short plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). The short and plain statement need only "give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Vague and conclusory factual allegations do not provide fair notice to a defendant. United States v. City of Philadelphia, 644 F.2d 187, 204 (3d Cir. 1980) (discussing civil rights cases). If a plaintiff's complaint fails to meet the liberal pleading standard of Fed. R. Civ. P. 8, then it is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Buschel v. MetroCorp., 957 F. Supp. 595, 597 (E.D. Pa. 1996); see also 5B Wright & Miller, Federal Practice and Procedure Civil 3d § 1356 (2004) ("Only when the plaintiff's complaint fails to meet this liberal pleading standard [of Fed. R. Civ. P. 8] is it subject to dismissal under Rule 12(b)(6).").

As a preliminary matter, various claims of plaintiff's complaint are barred by the statute of limitations. Plaintiff's complaint alleges that on August 22, 2001 she was unlawfully removed from her workplace. (D.I. 2 at ¶ 79B) Plaintiff filed her complaint on April 19, 2004. (D.I. 2) Actions under the Privacy Act must be brought within two years from the date when the cause of action arises. 5 U.S.C. § 552a(g)(5). Consequently, this alleged violation of the Privacy Act is barred by the statute of limitations.[4] Plaintiff's complaint fails to

---

[4] Defendants' motion to dismiss includes as an exhibit documentation of denials of plaintiff's requests for workers compensation benefits. (D.I. 20, Ex. 1) "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White

identify dates on which the events underlying all of plaintiff's remaining claims occurred.

Plaintiff's complaint also does not give defendants fair notice of her claims and the grounds upon which these claims rest. As noted above, plaintiff failed to identify when most of the alleged events took place, leaving defendants to search thirty-five years of employment records to investigate her claims. (D.I. 2 at ¶ 7) Although plaintiff's complaint identified the Privacy Act, Title VII, the FECA, and the LMRA as the statutory bases for her claims, her complaint does little more than state the titles of these federal statutes. (Id. at ¶¶ 1-3, 82, 85) Plaintiff's complaint does not identify the specific provisions she claims defendants have violated, leaving defendants and this court to examine every possible cause of action under the named statutes to determine if plaintiff's claims are valid.

Finally, plaintiff's complaint provides vague and conclusory allegations in a haphazard manner. For example, plaintiff states

---

Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). When a plaintiff relies on a document as a basis for her complaint, the plaintiff obviously is on notice of the contents of the document. Id. at 1196-97. Although plaintiff did not rely on defendants' documentation as a basis for her complaint, she did rely on the denial of benefits as a basis for her claims. (D.I. 2 at ¶¶ 32-36, 56) Given that defendant's documents are only being used to establish when plaintiff was denied benefits, plaintiff is presumed to know this date. The court may consider defendant's exhibit in ruling on defendant's motion to dismiss. The court finds that plaintiff was denied benefits in late 2001.

that false information was provided to the Department of Labor and other government agencies. (D.I. 2 at ¶¶ 30-32, 37, 56) However, plaintiff does not identify what information was given to these government agencies, how it was false, when it was given, or whether this information was divulged for routine use. See 5 U.S.C. § 552a(b)(3). The complaint also alleges that defendants did not correct records when requested by plaintiff. (D.I. 2 at ¶ 80) However, plaintiff does not allege: (1) that she requested review of her record; (2) that she requested correction of specific inaccurate information; or (3) that any determination was made to not correct the information. See 5 U.S.C. § 552a(d). Plaintiff's complaint also alleges that she engaged in "protected activity" and "whistle blowing activity", and that she was blacklisted, subjected to harassment and a hostile work environment, and denied due process because of her protected and whistle-blowing activities. (D.I. 2 at ¶¶ 10-15, 19) The court presumes that these allegations are related to plaintiff's Title VII claims. However, plaintiff never identifies what her protected and whistle-blowing activities were and she never identifies what constituted the blacklisting, harassment, hostile work environment, or denial of due process. Plaintiff's complaint is also devoid of any information relating to her FECA and LMRA claims. Consequently, plaintiff's factual allegations fail to give defendants an understanding of the basis

of her claims.

Even when judging plaintiff's pro se complaint less stringently than formal pleadings drafted by lawyers, the complaint fails to satisfy the basic pleading requirements of Fed. R. Civ. P. 8. By failing to provide any description of specific conduct, there is legally insufficient information to give defendants fair notice of plaintiff's claims or the statutory bases for those claims. Given that plaintiff received an extension of time to respond to defendants' motion to dismiss and has still failed to respond, the court deems dismissal of the complaint appropriate. Consequently, the court grants defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

V.   CONCLUSION

For the reasons set forth above, the court grants defendants' motion to dismiss. An appropriate order shall issue.